UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PLAINS MARKETING CANADA, L.P.,

    Plaintiff,                      CASE NO. 04-CV-10310-BC

v.                                DISTRICT JUDGE DAVID M. LAWSON
                                  MAGISTRATE JUDGE CHARLES BINDER

RICHARD E. BETRON, JR., d/b/a
Gene's Hardware and LP Gas,

    Defendant.

_____/

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION ON PLAINTIFF'S MOTION TO COMPEL DEFENDANT'S COMPLIANCE WITH DISCOVERY AND/OR ENTRY OF JUDGMENT

### I.    RECOMMENDATION

For the reasons set forth below, pursuant to Rule 37 of the Federal Rules of Civil Procedure, and because Defendant has wilfully failed on more than one occasion to comply with legitimate discovery requests, **IT IS RECOMMENDED** that the motion be **GRANTED**, that all issues relating to liability be found in favor of Plaintiff and against Defendant, and that the case proceed to disposition on issues relating to damages.

## II.   REPORT

### A.   Introduction

Pursuant to an order of reference under 28 U.S.C. § 636(b)(1)(A)[1] issued August 8, 2005 (Dkt. 28), pending is the above-entitled motion which was filed on August 4, 2005. (Dkt. 27.) Although it is titled as a motion to compel, Plaintiff also seeks to have the Court impose case dispositive sanctions for repeated discovery obstruction by the Defendant. Defendant has failed to file a response within the time allowed under the rules, and, as will be described in greater detail below, has not responded to an order issued October 11, 2005.

Plaintiff filed suit in late October 2004 seeking to collect over $210,000.00 from Defendant for sales of propane gas to the Defendant who was doing business as Gene's Hardware and LP Gas. (Dkt. 1.) Defendant retained counsel and filed an answer denying any liability on the alleged sales. (Dkt. 7.) In February 2005, Plaintiff filed a motion to compel. (Dkt. 9.) After adjournments, an initial scheduling conference was held by Judge Lawson on April 12, 2005. At that time, a scheduling order was issued, and the earlier filed motion for discovery was dismissed.

In early June, counsel for Defendant filed a motion to withdraw, citing a complete breakdown of the attorney-client relationship, as well as his inability to contact his client on repeated occasions. (Dkt. 22.) The order was granted on June 27, 2005. (Dkt. 24.) Thereafter, Defendant appeared *pro se.* Three days after issuance of the Order of Reference, I held a status conference with the parties. At that time, the parties appeared close to resolution of the case, having engaged in substantive settlement negotiations. As a result, all parties were notified to appear for the entry of a consent judgment in October 11, 2005. (Dkt. 29.) The notice to appear

---

[1] Although the Order of Reference is made under the non-case-dispositive provisions of the Magistrate's Act, because I suggest the imposition of case-dispositive sanctions, a Report and Recommendation issues pursuant to 28 U.S.C. § 636(b)(1)(B).

informed the parties that in the event the parties failed to reach an amicable resolution of their dispute, I would proceed to argument and decision on the pending discovery motion.

Defendant failed to appear. As a result, Plaintiff renewed the instant motion, and I issued an order which granted the motion in part, and directed the Defendant to file full and complete answers to all pending discovery requests on or before November 11, 2005. (Dkt. 30.) I further notified the parties that in the event that Defendant failed to comply with this order, I would consider recommending that Judge Lawson grant judgment in favor of Plaintiff. Since the entry of this order, Defendant has done nothing.

### B.     Analysis and Conclusions

Federal Rule of Civil Procedure 37(b)(2) permits a court to "make such orders . . . as are just" when a party has failed to "obey an order to provide or permit discovery, including an order made under [Rule 37(a)] or Rule 35, or if a party fails to obey an order entered under Rule 26(f)[.]" FED. R. CIV. P. 37(b)(2). Examples of such orders, depending upon the circumstances, are:

> an order striking out pleadings or parts thereof, or staying further proceedings until the order is obeyed, or dismissing the action or proceeding or any part thereof, or rendering a judgment by default against the disobedient party[.]

FED. R. CIV. P. 37(b)(2)(C).

The Supreme Court has affirmed the inherent power of a district court to sanction the bad-faith conduct of a party or their attorneys. *See Chambers v. NASCO, Inc.,* 501 U.S. 32, 111 S. Ct. 2123, 115 L. Ed. 2d 27 (1991). Rule 37 has been consistently construed to require a showing of bad faith or willfulness before a court may impose the ultimate sanction of dismissal. *See Harmon v. CSX Transportation, Inc.*, 110 F.3d 364 (6th Cir. 1997); *Regional Refuse Systems, Inc. v. Inland Reclamation Co.*, 842 F.2d 150 (6th Cir. 1988). In this circuit,

> [a]mong the factors to be considered in reviewing the imposition of sanctions for an abuse of discretion, the appellate court should consider: (1) whether the adversary was prejudiced by the [sanctioned] party's failure to cooperate in discovery, (2) whether the [sanctioned] party was warned that failure to cooperate could lead to [such a sanction], and (3) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Taylor v. Medtronics, Inc.*, 861 F.2d 980, 986 (6th Cir. 1988) (citing *Regional Refuse Systems*, 842 F.2d at 155). Dismissal is therefore the sanction of last resort and "[i]t should be imposed only if the court concludes that the party's failure to cooperate in discovery was willful, in bad faith, or due to its own fault." *Beil v. Lakewood Eng'g & Mfg. Co.*, 15 F.3d 546, 552 (6th Cir. 1994) (citing *Taylor*, 861 F.2d at 985).

After review of the discovery requested under the standards set forth above, I conclude that under Rule 26(b)(1) of the Federal Rules of Civil Procedure, the discovery requested is relevant to the issues raised in Plaintiff's complaint and not overbroad. Although Defendant has provided some response to these requests, after review of the documents attached to the instant motion, I conclude that numerous relevant discovery requests have neither been given a response nor had an objection lodged as to them. Defendant has been advised by both Judge Lawson and this judicial officer that compliance with discovery orders is expected and that failure to comply would lead to sanctions. I suggest that Defendant has engaged in a continuing pattern of behavior which can only be characterized as deliberate and willful violation of this Court's orders and of Defendant's obligation to conduct discovery under the Federal Rules of Civil Procedure. Defendant's failure to respond to Plaintiff's legitimate discovery requests significantly prejudices Plaintiff were this case to go to trial on liability issues, and I suggest that in light of Defendant's complete failure to respond to this Court's notices and orders, the only appropriate sanction is that of issue determination. As a result, I suggest that the Court find all liability issues in favor of

Plaintiff and against Defendant, and I further suggest that the case go forward on issues relating only to damages.

### III.  REVIEW

The parties to this action may object to and seek review of this Report and Recommendation within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

               s/ *Charles E. Binder*
               CHARLES E. BINDER
Dated: November 22, 2005         United States Magistrate Judge

### CERTIFICATION

I hereby certify that this Report and Recommendation was electronically filed this date, electronically served on Mark E. Shreve, and served in the traditional manner on Richard E. Betron, Jr., and Honorable David M. Lawson.

Dated:  November 22, 2005        By   s/Mary E. Dobbick
                  Secretary to Magistrate Judge Binder